UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | No. 07 CR 815-4 |
| ) | |
| DAVID DONALDSON          ) | Judge Rebecca Pallmeyer |

**PRELIMINARY ORDER OF FORFEITURE**

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United State Code, Section 2461(c) and the Court being fully informed hereby finds as follows:

(a) On December 7, 2007, a superseding information was filed charging defendant DAVID DONALDSON and others, with mail fraud offenses pursuant to the provisions of 18 U.S.C. § 1341, among other violations;

(b) The superseding information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

(c) On February 1, 2008, pursuant to Fed R. Crim. P. 11, defendant DAVID DONALDSON entered a voluntary plea of guilty to Count Four of the superseding information, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(d) Pursuant to the terms of his plea agreement, as a result of his violations of 18 U.S.C. § 1341, defendant DAVID DONALDSON agreed that funds in the amount of $170,000, together with any jointly liable co-defendants, are subject to forfeiture because those funds constitute proceeds of the mail fraud violations charged in Count Four of the superseding

information;

(e) As a result of his violations of 18 U.S.C. § 1341, defendant DAVID DONALDSON agreed to the entry of a forfeiture judgment in the amount of $170,000. Defendant DAVID DONALDSON further agreed to the entry of a preliminary order of forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, relinquishing any right of ownership he has in funds in the amount of $170,000;

(f) Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, and to the terms of defendant DAVID DONALDSON'S plea agreement, the United States seeks forfeiture of all right, title, and interest that defendant DAVID DONALDSON may have in funds in the amount of $170,000, so that the funds may be disposed of according to law;

(h) Pursuant to Title 21, United States Code, Section 853(i)(1), as incorporated by 28 U.S.C. § 2461(c), the Attorney General is authorized to:

> grant petitions for mitigation or remission of forfeiture, *restore forfeited property to victims of a violation of this subchapter*, or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section [emphasis added].

(i) Accordingly, upon entry of a final order of forfeiture, matters relating to restitution will be submitted to the Attorney General for consideration. The government shall request that funds in the amount of $170,000 paid in satisfaction of the forfeiture judgment be restored to the victim as identified in any restitution judgment entered by the Court.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.   That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed R. Crim P. 32.2, all right, title, and interest defendant DAVID DONALDSON may have in funds in the amount of $170,000 is hereby forfeit to the United States of America for disposition according to law;

2.   That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States Marshals Service shall seize and take custody of funds in the amount of $170,000 tendered by defendant DAVID DONALDSON for disposition as the Attorney General may direct;

3.   That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by as incorporated by 28 U.S.C. § 2461(c), upon entry of a preliminary order of forfeiture, the United States shall publish notice of the order and of its intent to dispose of the property according to law. The government may also, pursuant to statute, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware of anyone at this time who qualifies for such notice;

4.   That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by as incorporated by 28 U.S.C. § 2461(c), any person, other than the defendant, asserting a legal claim in the property which has been ordered forfeit to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph 3, whichever is earlier, petition this Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the Court alone, without a jury;

5.   That, following the Court's disposition of all third parties interests, the Court shall, if appropriate, enter a final order of forfeiture, as to the property which is the subject of the

preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant DAVID DONALDSON and shall be made part of any judgment and commitment order entered in this case against him;

7. This court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

                              HON. REBECCA PALLMEYER
                              United States District Judge

DATED: 7/21/08